**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RICHARD M. HARRIS,** | : | |
| **Plaintiff** | : | |
| | : | **CIVIL NO. 3:CV-17-0448** |
| v. | : | |
| | : | **(Judge Caputo)** |
| **JOHN SHOVELIN,** *et al.*, | : | |
| **Defendants** | : | |
| | : | |

# M E M O R A N D U M

## I.  Introduction

Presently before the Court is Mr. Harris' Motion for Appointment of Counsel (ECF No. 12) pursuant to 28 U.S.C. § 1915(e)(1).  For the reasons set forth below, the motion will be denied.

## II.  Background

Plaintiff Richard M. Harris, a state prisoner currently incarcerated at the Benner Township State Correctional Institution (SCI-Benner), in Bellefonte, Pennsylvania, brings the instant *pro se* civil rights action, pursuant to 42 U.S.C. § 1983 alleging Eighth Amendment claims against John Shovelin and Mark Nycum following a January 13, 2017 event at SCI-Smithfield.  He claims Mr. Shovelin assaulted him while Mr. Nycum looked on.  Following the assault, Defendants allegedly conspired to cover up the event by issuing Mr. Harris a false misconduct claiming he assaulted Mr. Shovelin. The Defendants also conspired to obstruct

justice by lying to the Pennsylvania State Police and the Pennsylvania Department of Corrections Office of Special Investigations and Intelligence during their investigations of the event. (ECF No. 15, Am. Compl.) Mr. Harris suffered physical and emotional injury following the event. He seeks compensatory, punitive and injunctive relief. (*Id*.)

III.   **Standard of Review**

Although prisoners have no constitutional or statutory right to the appointment of counsel in a civil case, the Court has broad discretionary power to appoint counsel under 28 U.S.C. § 1915(e)(1); *see also Tabron v. Grace*, 6 F.3d 147 (3d Cir. 1993).

In its decision, the *Tabron* Court announced the factors to be considered by a district court when deciding whether to exercise its discretion and appoint counsel for an indigent litigant in a civil case. Initially, "the district court must consider as a threshold the merits of the plaintiff's claim." *Tabron*, 6 F.3d at 155. Next, if a claim has arguable merit, "[t]he plaintiff's ability to present his or her claim is, or course, a significant factor that must be considered in determining whether to appoint counsel." *Id*. at 156. "If it appears that an indigent plaintiff with a claim of arguable merit is incapable of presenting his or her own case ... and if such a plaintiff's claim is truly substantial, counsel should ordinarily be appointed.*"* *Id*.

In addition to the indigent plaintiff's ability to present his or her case, *Tabron* requires the district court to consider the following additional factors: (1) the difficulty of the particular legal issues; (2) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (3) the plaintiff's capacity to retain counsel on his own

behalf; (4) the extent to which a case is likely to turn on credibility determinations; and (5) whether the case will require testimony from expert witnesses. *Id. at* 155 - 57. However, while these factors are meant to guide the Court in making its determination, they are not exhaustive and the Court may consider any other factor it deems relevant. *Id*. at 157. Moreover, it is noted that appointment of counsel under § 1915(d) may be made by the court *sua sponte* at any point in the litigation. *Id*. at 156.

Finally, district "courts have no authority to compel counsel to represent an indigent civil litigant," *id*. at 157 n. 7, and courts are cautioned against the indiscriminate appointment of counsel in view of the limited supply of competent attorneys willing to accept such assignments. *Id.* at 157.

## IV.   Discussion

Applying the relevant *Tabron* factors in this case, the appointment of counsel is not warranted at this time.

This case is in its procedural infancy. Defendants were recently served with the Amended Complaint. Defendants will either challenge the legal basis of the Amended Complaint or file an answer. Until then, the Court will not be able to fully assess the threshold question of the arguable factual and legal merit of Plaintiff's claims for the purpose of appointing him counsel. We note that at the time of filing his motion for appointment of counsel he was housed at SCI-Rockview's Mental Health Unit (MHU). Mr. Harris, however, is now housed at a different facility, SCI-Benner, and has filed his Amended Complaint. Upon

-3-

consideration of these facts and Mr. Harris' filings to date, the Court finds that he has demonstrated an ability to understand and communicate clearly in English.  Further, his arguments are logical and straightforward in their presentation.  He does not suggest, or provide other documentation, that he presently suffers from any impediment unusual to other *pro se* prisoner litigants before this Court.  It is also noted that Mr. Harris does not advise the Court of any effort he has undertaken to obtain counsel on his own.

To the extent that Mr. Harris' request for counsel is based on the fact of his incarceration or his indigent status, these facts do not warrant the appointment of counsel given this Court's liberal construction of *pro se* pleadings.  *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

There is no evidence, at this early point in the litigation, that any prejudice will befall Mr. Harris in the absence of court appointed counsel.  Consequently, Mr. Harris' request for counsel will be denied without prejudice.  Should future proceedings demonstrate the need for counsel, the matter may be reconsidered, either *sua sponte* or upon a motion properly filed.

An appropriate Order follows.

**/s/ A. Richard Caputo**
**A. RICHARD CAPUTO**
**United States District Judge**

**Date: July 13, 2017**